UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. | 26 Cr. |
| VESEL KUKAJ, | |
| Defendant. | 26 CRIM 0238 |

## COUNT ONE
### (Sexual Exploitation of a Child)

The Grand Jury charges:

1.      From at least in or about February 2025 through at least in or about November 2025, in the Southern District of New York and elsewhere, VESEL KUKAJ, the defendant, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, VESEL KUKAJ induced a 15-year-old minor victim ("Victim-1") to engage in sexually explicit conduct, photograph the conduct, and transmit the photograph over the Internet to KUKAJ in New York, New York.

(Title 18, United States Code, Sections 2251(a) and (e).)

## COUNT TWO
### (Receipt and Distribution of Child Pornography)

The Grand Jury further charges:

2.    From at least in or about February 2025 through at least in or about November 2025, in the Southern District of New York and elsewhere, VESEL KUKAJ, the defendant, knowingly received and distributed material that contained child pornography using a means and facility of interstate and foreign commerce and that had been mailed and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, KUKAJ received a file containing sexually explicit images of a minor on an electronic device in New York, New York, via a messaging application.

(Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).)

## COUNT THREE
### (Possession of Child Pornography)

The Grand Jury further charges:

3.    From at least in or about February 2025, through at least in or about November 2025, in the Southern District of New York and elsewhere, VESEL KUKAJ, the defendant, knowingly possessed and accessed with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, KUKAJ possessed sexually explicit images of minors on his cellphone in his residence in New York, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).)

## FORFEITURE ALLEGATIONS

4.    As a result of committing the offenses alleged in Counts One, Two, and Three of this Indictment, VESEL KUKAJ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offense and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offenses or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 2253;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

6/8/26

JAY CLAYTON
United States Attorney